Centra-Larm Monitoring v. Frontier    CV-98-431-SD   08/11/98

UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Centra-Larm Monitoring, Inc.

_____v.                                  Civil No. 98-431-SD

Frontier Communications Services, Inc.


                              O R D E R

        Plaintiff Centra-Larm Monitoring, Inc. (Centra-Larm) moves
to remand this action to state court.  Document 3.  Defendant
Frontier Communications Services, Inc. (Frontier) objects.
Document 6.  For reasons that follow, the motion must be denied.


1.  Background

        Plaintiff, a New Hampshire corporation, monitors alarm
systems of its customers.  Defendant, a Michigan corporation,
provides long-distance and other telecommunications services.

        Plaintiff agreed to purchase long-distance and other
services from defendant.  The services apparently did not work
as contemplated, and after approximately a month of operation
Centra-Larm canceled the agreement and brought suit in state
court.  Eschewing diversity as a basis therefor, Frontier removed
the action to this court, claiming federal question jurisdiction

pursuant to the Federal Communications Act (FCA), 47 U.S.C. §§ 151-613.[1]

Plaintiff contends that as its pleadings do not seek recovery under any section of the FCA,[2] and as that statute does not preempt its cause of action, it is entitled to remand to state court. Defendant contends that FCA completely preempts the action and that, in any event, there is federal jurisdiction.

## 2. Discussion

The removal of an action from state to federal court is proper only if the case could have been filed originally in federal court. 28 U.S.C. § 1441(a).[3] And removal grounded on a

_____

[1]47 U.S.C. § 207 provides,

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

[2]Plaintiff seeks recovery for substitute performance (Count I), consequential damages (Count II), breach of implied warranties (Count III), and breach of express warranties (Count IV); and for violation of the New Hampshire Consumer Protection Act (Count V).

[3]28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

federal question may be had only if a federal question appears on the face of the plaintiff's "well-pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 385, 392 (1987). Accordingly, a complaint which alleges only state-law-based causes of action cannot be removed from state court to federal court, even if there is a federal defense. Id. at 392-93.

A corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. "When federal common or statutory law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims. Therefore, the well-pleaded complaint rule is satisfied, and removal is proper." Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998) (citation omitted).[4] But neither the FCA nor federal common law here serves to establish complete preemption. Id. at 53-55.[5]

_____

> district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[4]Marcus v. AT&T, supra, overruled the case of Nordlicht v. New York Tel & Tel Co., 799 F.2d 859 (2d Cir. 1986), cert. denied, 479 U.S. 1055 (1987). See Marcus, supra, 138 F.3d at 55. Plaintiff's reliance on Nordlicht and its progeny, Vermont v. Oncor Communications, Inc., 166 F.R.D. 313 (D. Vt. 1996), is therefore misplaced.

[5]The court finds persuasive the analysis by the Marcus court and its rejection of that portion of the decision in Cahnmann v. Sprint Corp., 133 F.3d 484 (7th Cir. 1998), wherein the Seventh Circuit implies that "every state law claim challenging a carrier's rates or billing practices necessarily arises under federal law." Marcus, supra, at 55.

3

However, plaintiff here seeks recovery for breach of express and implied warranties. "The artful-pleading doctrine, another corollary to the well-pleaded complaint rule, prevents a plaintiff from avoiding removal 'by framing in terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint.' Derrico v. Sheehan Emergency Hosp., 844 F.2d 22, 27 (2d Cir. 1988) (internal quotations and citations omitted)." Marcus, supra, at 55 (additional citations omitted). Here, the court finds breach of warranty claims necessarily arise from defendant's tariffs filed with the FCC in accordance with 47 U.S.C. § 203(a).[6] The breach of warranty claims accordingly arise under federal law, and the motion to remand must be denied. Id. at 55-56.

3.  Conclusion

For the reasons outlined, the court finds and rules that plaintiff's motion to remand must be and it accordingly is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 11, 1998

cc:  Robert T. Mittelholzer, Esq.
     Thomas J. Donovan, Esq.

_____

[6]47 U.S.C. § 203(a) governs the filing of tariffs with the FCC. Defendant has attached excerpts from its relevant tariffs in this case to its memorandum in opposition to remand.